**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 14 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CALVIN BROWN,

      Defendant-Appellant.

No. 96-8126
(D.C. No. 96-CR-41-02J)
(District of Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

---

Calvin Brown accepted a plea agreement and pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine base, 21 U.S.C. § 846 and 21 U.S.C. § 841. He was sentenced to sixty-three months' imprisonment and now appeals his sentence.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In Brown's plea agreement, however, he waived his right to appeal his sentence. Paragraph 14 of the plea agreement states: "The Defendant agrees to waive his right to appeal the sentence he receives as a result of this Plea Agreement. However, if the United States appeals the Defendant's sentence pursuant to 18 U.S.C. § 3742(B), the Defendant is released from his waiver." The court directed Brown's attention to this provision during his change of plea hearing and Brown acknowledged the waiver. (Plea Tr. at 14-15.)[1] On appeal Brown does not allege that his acceptance of the waiver provision was unknowing or involuntary, does not challenge the plea agreement, and does not attempt to explain why the waiver provision should not be upheld.

---

[1] The plea colloquy contained the following dialogue between Brown and the court:

> Court: Both you and the government under certain circumstances may be able to appeal a sentence imposed by the Court. You have waived your right to appeal in this plea agreement. However, if you have waived and you've entered into a plea agreement which waives some or all of your rights to appeal the sentence itself, I need to tell you that such waivers have generally been upheld in the appellate Court and would be upheld against you. But if you believe the waiver is unenforceable, you, of course, are free to present that theory to the appellate court and get a ruling and tell them whatever circumstances that you feel would apply to your particular case.
>
> Brown: Yes, sir, Your Honor.
>
> Court: Do you understand that by entering a plea of guilty you will have waived or given up your right to appeal all or part of this sentence?
>
> Brown: Yes, sir, Your Honor.

(Plea Tr. at 14-15.)

We find no reason not to hold Brown to his negotiated plea agreement. The United States has not appealed Brown's sentence, and consequently by the plain terms of his plea agreement Brown has waived his right to appeal. The appeal is DISMISSED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge