**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 23 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

STEVE D. HERNANDEZ,

      Defendant-Appellant.

No. 97-2026

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CR-96-532-SC)**

---

Jeffrey J. Buckels of Albuquerque, New Mexico, appearing for the appellant.

Norman C. Bay, Assistant United States Attorney (John J. Kelly, United States Attorney, Albuquerque, New Mexico, with him on the brief), appearing for the appellee.

---

Before **SEYMOUR, Chief Judge**, **MURPHY, Circuit Judge** and **McWILLIAMS, Senior Circuit Judge**.

---

**McWILLIAMS, Senior Circuit Judge.**

---

      Pursuant to a plea agreement with the United States, Steve D. Hernandez pleaded guilty to a one-count criminal information charging him with taking by force, violence and intimidation money belonging to the Bank of America in Albuquerque, New Mexico,

the deposits of which were insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 2113(a). At sentencing, the district court raised Hernandez' base offense level two levels, i.e., from 19 to 21, because it found that Hernandez made "an express threat of death" during the robbery, which enhancement was mandated by U.S.S.G. § 2B3.1(b)(2)(F). With an offense level of 21, and a criminal history category of I, the guideline sentencing range was 37-46 months. Hernandez was then sentenced to imprisonment for 37 months, to be followed by three years of supervised release.

The present appeal relates solely to the district court's determination that U.S.S.G. § 2B3.1(b)(2)(F) warranted a two level enhancement of Hernandez' base offense level from 19 to 21. Without such enhancement, Hernandez' guideline sentencing range would have been 30-37 months. Brief reference to the facts and circumstances surrounding the bank robbery will put the matter in focus.

On August 1, 1996, Hernandez entered a branch office of the Bank of America in Albuquerque, New Mexico. He handed the teller a note which read, "Give me all your hundreds, I have a gun!" The teller recalled that the robber held his right hand behind his back, as if he had a gun. The teller also stated that when, after reading the note, she "hesitated," the robber added, "I'm not kidding." The teller put currency in a bag provided by the robber, who then fled the scene. The robber, who was Hernandez, was apprehended shortly thereafter and he confessed to the robbery, explaining that he was experiencing acute financial problems and owed the Internal Revenue Service some

$80,000.00.

The presentence report recommended that Hernandez' base offense level be increased by two levels because, as provided for by U.S.S.G. § 2B3.1(b)(2)(F), Hernandez made an "express threat of death" during the course of the robbery. Counsel filed objections to that recommendation, arguing that there simply was no "express threat of death" made by Hernandez during the course of the robbery. The district court overruled defense counsel's objection to the two level enhancement of Hernandez' criminal offense level, stating it was "not going to split a split hair," and increased Hernandez' base offense level from 19 to 21.

As indicated, on appeal, counsel only challenges the two level enhancement of Hernandez' base offense level, arguing that although there was, perhaps, an "implied threat of death," Hernandez did not make an "express threat of death" during the robbery, as required by U.S.S.G. § 2B3.1(b)(2)(F).

In response, the government first argues that, under the plea agreement, Hernandez waived his right to appeal the two level enhancement of his base offense level. In this regard, the plea agreement provides, in part, as follows:

<u>WAIVER OF APPEAL RIGHTS</u>

10. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal any sentence within the guideline range applicable to the statute of conviction as

determined by the court after resolution of any objections by either party to the presentence report to be prepared in this case, and the defendant specifically agrees not to appeal the determination of the court in resolving any contested sentencing factor. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, that the court may depart upwards from the applicable sentencing guideline range as determined by the court.

The record on appeal does not contain a transcript of the hearing wherein the parties tendered their plea agreement and the district court accepted it. However, as indicated, the plea agreement, itself, is a part of the record on appeal. The agreement merits close scrutiny.

The plea agreement tendered the district court, and accepted by it, states that Hernandez "understands" and "waives" enumerated constitutional rights and "agrees" to plead guilty to Count 1 of a one-count criminal information to be filed charging him with bank robbery in violation of 18 U.S.C. § 2113(a), which, incidentally, had a maximum penalty of imprisonment for not more than 20 years. (Bank robbery with a firearm had a maximum sentence of 25 years imprisonment.) The United States and Hernandez "stipulated" that the latter had demonstrated a recognition and acceptance of responsibility for his criminal conduct and was, therefore, entitled to a three level reduction in his base offense level under U.S.S.G. § 3E1.1. Further, the United States stated that it was "unaware of any evidence that the defendant possessed a firearm at the time he committed the offense." The United States also agreed that it would "not bring

additional charges against Hernandez arising out of his conduct now known to the United States Attorney's Office for the District of New Mexico."

It would seem that, under the plea agreement, Hernandez clearly and unequivocally waived his right to appeal the district court's determination that his base offense level be raised by two levels for making an "express threat of death" during the robbery.[1]  There is no suggestion that Hernandez did <u>not</u> knowingly and voluntarily sign the plea agreement.  Rather, counsel argues in this court that there is either "no consideration" or "inadequate consideration" on the part of the United States to support the agreement.  Therefore, according to counsel, Hernandez is not bound by his agreement to waive an appeal from the determination of the district court that Hernandez made an "express threat of death" in the course of the robbery and that his base offense level should, therefore, be increased by two levels.  We disagree and hold that, under the circumstances, Hernandez waived his right to appeal the two level enhancement of his base offense level.

As was said in *United States v. Libretti,* 38 F.3d 523, 529 (10th Cir. 1994), "it is settled law that a lawful plea agreement is enforceable."  A defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable.[2]

---

[1]Hernandez' counsel in the district court, who negotiated and then signed the plea agreement, represents Hernandez on this appeal.

[2]See, for example, *United States v. Bushert,* 997 F.2d 1343, 1350 (11th Cir. 1993); *United States v. Rivera,* 971 F.2d 876, 896 (2d Cir. 1992); *United States v. Rutan,* 956 F.2d 827, 829 (8th Cir. 1992).

As indicated, there is no suggestion that Hernandez did not "knowingly" and "voluntarily" sign the plea agreement. Counsel does argue, however, that, applying traditional contract law, there was "no consideration" or, at the least, there was "inadequate consideration," given by the United States to Hernandez to support his promise to plead guilty and waive his right to appeal the sentence imposed. We do agree that traditional contract principles have, on occasion, been applied to plea agreements in criminal proceedings, although our attention has not been drawn to any case where the court evaluated the consideration underlying a plea agreement. Be that as it may, in our view there is adequate consideration to support Hernandez' waiver of his right to appeal.

In the plea agreement, the United States agreed that Hernandez was entitled to a three level reduction in his base offense level. Whether the district court would so hold was a matter, of course, ultimately to be decided by the district court, and not counsel. However, the United States did not have to agree that Hernandez was entitled to a three level reduction, although it did. In this regard, Hernandez successfully fled the scene of the robbery, but was shortly thereafter located, and arrested, due to the fact that a private citizen had taken the license number of the vehicle Hernandez was driving at the time of his escape. Absent that, the police might still be looking for the robber. Further, the United States agreed not to prosecute Hernandez for additional charges arising out of conduct then known to the United States. Finally, the United States stated that it was unaware of any evidence that Hernandez, in fact, held a firearm when he robbed the Bank

of America in Albuquerque.

In short, we reject the suggestion of counsel that there is inadequate consideration to support the plea agreement signed by Hernandez and his attorney. And under the terms of that agreement, Hernandez clearly waived his right to appeal the sentence imposed.[3]

Appeal dismissed.

---

[3] In two unpublished opinions, we enforced a waiver of the right to appeal a sentence imposed pursuant to a negotiated plea agreement. *United States v. Brown,* No. 96-8126, 1997 WL 634114 (10th Cir. Oct. 14, 1997); *United States v. Garcia,* 120 F.3d 271 (10th Cir. 1997).