**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JAVIER CARBAJAL-RAMOS,

    Defendant-Appellant.

No. 97-2373

(D.C. No. 96-CR-740)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.[**]

    On July 8, 1997, pursuant to a plea agreement, Defendant Javier Carbajal-Ramos

pled guilty to one-count of conspiracy to possess with intent to distribute five kilograms

or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). On

October 28, 1997, the district court sentenced Defendant to 120-months imprisonment,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

followed by five years of supervised release.  Defendant appeals his sentence.  Our jurisdiction arises under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

The government argues that the appeal should be dismissed because, by entering into the plea agreement, Defendant waived his right to appeal the sentence.  The written plea agreement contains the following waiver:

> The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.  Acknowledging that, the defendant knowingly waives the right to appeal any sentence of twelve (12) years or less on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.

We enforce the terms of a lawful plea agreement.  See United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998).  If a defendant knowingly and voluntarily waived his statutory right to appeal, his sentence is generally enforceable.  Id.  In this case, Defendant, who received a ten-year sentence, waived his right to appeal any sentence of 12 years or less.  We find nothing in the record suggesting that Defendant did not knowingly and voluntarily agree to this waiver.

Defendant, however, unpersuasively argues that his plea was involuntary because the district court erroneously refused to grant him a minor participant reduction under U.S.S.G. § 3B1.2(b) and a "safety valve" reduction under U.S.S.G. § 5C1.2.  Astoundingly, Defendant cites no authority supporting this argument, and we reject it as meritless.  By the plain terms of the plea agreement, Defendant waived his right to appeal a sentence of 12 years or less on any of the grounds set forth in § 3742.  Those grounds

2

include an appeal from a sentence "imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(1)(2). Defendant now attempts to appeal his sentence on just that ground. He waived his right to do so, however, in the plea agreement. Consequently, Defendant's appeal is

DISMISSED.

Entered for the Court,


Per Curiam

3