**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RAMIRO HERNANDEZ, GRADY LEE
BILLINGTON, GREGORY BROWN,
CHARLES TERRY BIGGERS, also
known as T-Bone, MARSHALL
SINGLETON, EDWARD SINGLETON,
SAMUEL SINGLETON, JOHN L.
SINGLETON, MAURICE HAMM,
CLARENCE SINGLETON, CARLTON
BIGGERS, also known as Keith Smith,
also known as Charles Brown, also known
as C.B.,

      Defendants-Appellants.

Nos. 98-2311, 98-2312, 98-2324,
98-2331, 98-2332, 98-2346,
98-2350, 98-2351, 98-2352,
98-2354, 98-2355
(D.C. No. CR-96-411-BB)
(District of New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **BROWN**[**],
Senior District Judge.

---

      On July 17, 1996, a Grand Jury sitting in the State of New Mexico returned a 28-

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable Wesley E. Brown, Senior District Judge, United States District Court
for the District of Kansas, sitting by designation.

count indictment naming 26 defendants. All were charged with various drug and drug related violations. In this consolidated appeal we are concerned with 11 of those 26 defendants, namely, Ramiro Hernandez, Grady Lee Billington, Gregory Brown, Charles Terry Biggers, Marshall Singleton, Edward Singleton, Samuel Singleton, John L. Singleton, Maurice Hamm, Clarence Singleton and Carlton Biggers (hereinafter referred to as "the appellants" or by individual names). Pursuant to a plea agreement, the appellants pleaded guilty to Count 1 of the indictment.[1] On July 13, 1998, before sentencing, Carlton Biggers filed a Motion to Vacate Sentencing and to Withdraw Guilty Plea. On July 20, 1998, Biggers filed an addendum to his motion. Some of the remaining appellants later joined in Carlton Biggers' motion. Others joined in Biggers' motion and filed their own motions. Still others simply filed their own motions to vacate sentencing and to withdraw their guilty pleas. All motions paralleled Carlton Biggers' motion, about which more will be said later.

Biggers' motion to vacate sentencing and to withdraw his guilty plea was pursuant to Fed.R.Crim.P. 32(e). That rule provides as follows:

> **(e) Plea Withdrawal.** If a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the

[1]Hernandez pled guilty on February 18, 1998 to Count 1 charging a conspiracy to possess and distribute methamphetamine. Billington, Charles Biggers, Hamm, Brown and Marshall Singleton pled guilty to Count 1 on February 9, 1998. John Singleton and Edward Singleton pled guilty to Count 1 on February 18, 1998. Samuel Singleton pled guilty to Count 1 on February 20, 1998. Clarence Ray Singleton and Carton Biggers pled guilty to Count 1 on February 25, 1998.

plea to be withdrawn if the defendant shows any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.

In support of the motion to vacate sentencing and withdraw Biggers' plea of guilty, counsel for Biggers stated that he had recently informed Biggers "of the *U.S. v. Singleton* decision in which the Tenth Circuit required the suppression of testimony by informants who were promised leniency in exchange for testimony." *United States v. Singleton,* 144 F.3d 1343 (10th Cir., July 1, 1998)(*Singleton I*). In the motion counsel also stated that he and Biggers both recognized that the panel opinion in *Singleton I* had been vacated by the court, sitting en banc, on July 10, 1998 and had been set for rehearing en banc at the November 1998 term of court. In Biggers' motion, counsel went on to allege as follows:

> Defendant entered a guilty plea to conspiracy to distribute more than one kilogram of methamphetamine. He has consistently denied each and every allegation contained in the Indictment but entered his plea after lengthy discussions with counsel regarding the elements of aiding and abetting a conspiracy and the fact that his acts could have arguably benefitted the conspiracy. His discussions of cocaine were recorded on the wire tap and he also used cocaine. His acts are also arguably only evidence of his own cocaine habit. He states that his admission to the charge as set out in the Indictment was based on his understanding of the potential interpretation of his acts as aiding the conspiracy. He pled guilty to the charge because he did not want to face a life sentence which could result if he could not convince a jury that the informant's allegations were untrue. Defendant asks for an evidentiary hearing in which he may introduce his sworn testimony to assert his innocence. If an evidentiary hearing is denied, Defendant asks that he be permitted to file an affidavit before this Court rules on this motion, in which he can assert his innocence as required.

One complete redacted Plea Agreement and selected pages from the other redacted plea agreements of informants which the Government provided as discovery (Bates #'s 20404-20416, 20439, 20451, 20464, 20465, 20477 and 20478) are attached hereto as Defendant's exhibit A. <u>The Government's promises contained in these agreements are almost identical to the promises in the plea agreement criticized by the Tenth Circuit in the *Singleton* case. The suppression of the informants' testimony would reverse the reason Defendant entered his plea.</u> In order to demonstrate the extent and importance of informant testimony and the suppression of that testimony, Defendant incorporates herein the D.E.A. Agent's affidavits in support of the wire tap, filed in support of Defendant's discovery motions as Exhibits A and B (Doc. No.'s 389 and 390).

Defendant asks that the Court vacate his sentencing date until after the Tenth Circuit makes a final decision in *Singleton* in November, 1998, because after sentencing he will have a much higher burden to establish his right to withdraw the plea under Rule 32(e) if permissible at all. If Defendant is permitted to argue this motion after the decision is upheld, Defendant will have a greater chance of convincing this Court he would prevail at trial absent the suppressed testimony.

Wherefore, Defendant prays the court vacate his present sentencing date, continue his sentencing until a final decision is rendered by the Tenth Circuit in *U.S. v. Singleton,* and after that opinion is available, rely on that decision to order the withdrawal of Defendant's guilty plea.

Defendant believes the Government will oppose this request. (emphasis added).

In an addendum filed on July 20, 1998 to his motion to vacate and withdraw his plea, counsel alleges that Biggers' motion is "based on his belief that his entry of the guilty plea was pursuant to an unknowing and involuntary waiver of his right to trial under the Sixth Amendment to the U.S. Constitution. Had he known that Title 18 U.S.C.

§ 201 prohibited the Government from offering anything of value to its witnesses in exchange for their testimony and that all of the witnesses against him would be unable to testify, he would not have entered his plea."[2]

The district court held hearings on the appellants' motions to vacate sentencing and to withdraw their guilty pleas on July 16, 1998, August 10, 1998 and September 24, 1998. As indicated, all motions were based on *Singleton I,* filed on July 1, 1998 and vacated by the court, sitting en banc on July 10, 1998 and reset for oral argument before the en banc court at the forthcoming November term of court. In *Singleton I* a panel of this court held that 18 U.S.C. § 201(c)(2) precluded the government from promising leniency to an accomplice in exchange for his truthful testimony against his co-defendants. 144 F.3d at 1358. The case was argued before the en banc court at the November 1998 term of court. On January 8, 1999, the court, en banc, disagreed with the panel's opinion and held that § 201(c)(2) did not apply to the United States acting in its sovereign capacity and thus did not preclude a United States attorney from offering an accomplice leniency in exchange for truthful testimony, with two judges concurring and three judges dissenting. *United States v. Singleton*, 165 F.3d 1297 (10th Cir. 1999)(*Singleton II*).

In the district court, the appellants argued, *inter alia,* that even though *Singleton I*

---

[2]In his affidavit in support of his motion to continue sentencing and withdraw his guilty plea, Carlton Biggers stated that "[h]ad I known that these witnesses could not testify against me I would not have entered my guilty plea."

had been vacated by the time any motion to vacate sentencing and withdraw guilty plea was filed, the fact that *Singleton I* was filed, and then vacated, indicated such uncertainty in the law of the Tenth Circuit at that point in time that any sentencing should be vacated and continued "until a final decision is rendered by the Tenth Circuit in U.S. v. Singleton and after that opinion is available, rely on that decision to order the withdrawal of Defendant's guilty plea." The district court eschewed counsel's suggestion that it delay its ruling and on September 24, 1998 denied all motions to vacate sentencing and at the same time denied the appellants' further request that they be allowed to withdraw their respective guilty pleas.[3] The appellants were all eventually sentenced and these 11 notices of appeal were thereafter duly filed.

In this court, the 11 separate appeals were, on motion, consolidated for briefing and oral argument. By further agreement, Marc Robert, the attorney for Charles Terry Biggers and Marshall Singleton, was designated to make the oral argument in this court for all 11 appellants. At oral argument Robert stated that he had not participated in the

---

[3]In this regard, the district court on September 24, 1998 spoke as follows:
> As I indicated at the last hearing, unless there was something exceptional in the briefs, I will deny the motions to withdraw the pleas. I think they are all clearly voluntarily made with knowledge of the facts, with the exception of the <u>Singleton</u> case, which has now been withdrawn. That will give you the basis to go to Denver and preserve your appeal on the basis of the <u>Sonia</u> [sic] <u>Singleton</u> case, if indeed it is reinstated in some fashion.

At an earlier hearing held on July 16, 1998, the district court opined that "[m]y prediction abilities tell me <u>Singleton</u> is not likely to be a problem in this case, and I'm willing to take that chance . . . ." (*Singleton II* validated the district court's "prediction abilities.")

briefing process and only entered his appearance at about the same time appellants' reply brief was filed in this court.

The United States initially argues that this court has no jurisdiction to hear appellants' appeals. In thus arguing the government points out that the appellants' respective guilty pleas were all unconditional pleas, not conditional pleas as permitted by Fed.R.Crim.P. 11(a)(2), and that each was based on a plea agreement with the government wherein the appellant agreed not to appeal any sentence within the guideline range. The United States asserts that a defendant who knowingly and intelligently pleads guilty to a criminal offense waives all possible non-jurisdictional challenges to his conviction.[4] It is quite correct that in *United States v. Wright,* 43 F.3d 491, 494 (10th Cir. 1994) we spoke as follows:

> A defendant who knowingly and voluntarily pleads guilty
> waives all non-jurisdictional challenges to his conviction.
> Having pleaded guilty, a defendant's only avenue for
> challenging his conviction is to claim that he did not
> voluntarily or intelligently enter his plea. (citations omitted).

However, *Wright* recognized that although a defendant may have entered an unconditional plea of guilty, he could still thereafter challenge his conviction on the ground that his plea was not voluntarily and intelligently made. All of the motions to withdraw the guilty pleas here entered were based on the premise that each plea was not

---

[4]The United States suggests that the appellants in the present case are somehow attempting to suppress the testimony of their accomplices and argues that such has been waived by their unconditional pleas of guilty. That is not our view of the case.

made intelligently, and therefore was, in that sense, involuntary. Certainly no motion was based on an event or occurrence which had taken place prior to the entry of the guilty plea. Rather, the gist of the motions to withdraw was that *Singleton I* had pronounced the law of the Tenth Circuit as something different than the advice given the appellants by their counsel leading up to the guilty pleas. In short, the district court denied the appellants' motions to withdraw their respective guilty pleas, and under the described circumstances, we have jurisdiction to review the propriety of such denial.[5]

Fed.R.Crim.P. 32(e) states that if a motion to withdraw a guilty plea is made before sentencing, the district court may permit the plea to be withdrawn "if the defendant shows any fair and just reason." A district court's order denying a motion to withdraw a guilty plea is reviewed by us for abuse of discretion and will not be reversed absent a showing that the district court acted "unjustly or unfairly." *United States v. Graves,* 106 F.3d 342, 343 (10th Cir. 1997), (citing *Barker v. United States,* 579 F.2d 1219, 1223 (10th Cir. 1978)). It is noted that in the instant case there is no suggestion that any of the guilty pleas here involved were not in compliance with Fed.R.Crim.P. 11. In the motions to withdraw their respective guilty pleas filed in the district court, the appellants argued that their pleas were not "voluntary" in the sense that they were not made knowingly and

---

[5]We deem *United States v. Hernandez,* 134 F.3d 1435 (10th Cir. 1998), relied on by the government, to be distinguishable from the instant case. In that case we simply enforced a plea agreement wherein the defendant agreed to waive his right to appeal a sentence within the guideline range. That is not this case.

intelligently.   Such is so, say counsel,  because of  *Singleton I*.  As above stated, *Singleton I* was filed after the appellants' guilty pleas were entered, and thereafter *Singleton I* was vacated by the court, sitting en banc, nine days later, before any motion to withdraw a guilty plea was filed.  So, in the district court, the appellants' position was that, because of *Singleton I,* even though vacated, the district court, in denying their motions to defer sentencing and  withdraw their respective guilty pleas, abused its discretion.  We do not agree with that position.

Once *Singleton I* was vacated by the court sitting en banc, *Singleton I* was a nullity with no precedential value.  In legal effect, it was as though it was never filed.[6] Such being the case, the district court did not abuse its discretion in denying appellants' motions to withdraw their guilty pleas where appellants' only ground was a panel opinion

---

[6]*See Franklin Sav. Ass'n. v. Office of Thrift Supervision,* 35 F.3d 1466, 1469 (10th Cir. 1994) ("A judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel.")  *See also United States v. Munsingwear, Inc.,* 340 U.S. 36, 39 (1950), where the Supreme Court stated that "[t]he established  practice of the Court in dealing with a civil case in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with directions to dismiss."  In *J. B. O'Connor v. Donaldson,* 422 U.S. 563, 577 n.12 (1975), the Supreme Court, citing <u>Munsingwear</u>, said: "Of necessity our decision vacating the judgment of the Court of Appeals deprives that court's opinion of precedential effect, leaving this court's opinion and judgment as the sole law of the case."  In *Durning v. Citibank,* 950 F.2d 1419, 1424 n.2 (9th Cir. 1991), the Ninth Circuit, citing <u>Donaldson,</u> said: "A decision may be reversed on other grounds, but a decision that has been vacated has no precedential authority whatsoever."  And in *Zeneca Ltd. v. Novopharm Ltd.,* 919 F. Supp. 193, 196 (D.Md.) that court, citing, *inter alia,* <u>Munsingwear,</u> observed that "[a]s a general rule, a vacated judgment and the factual findings underlying it have no preclusive effect; the judgment is a legal nullity."

which had been vacated by the en banc court.

In their reply brief, and at oral argument, there is the suggestion that appellants are now relying, in part, on language in *Singleton II*. (For obvious reasons, *Singleton II* was not considered by the district court.) In that opinion we did state:

> Our conclusion in no way permits an agent of the government to step beyond the limits of his or her office to make an offer to a witness other than one traditionally exercised by the sovereign. A prosecutor who offers something other than a concession normally granted by the government in exchange for testimony is no longer the alter ego of the sovereign and is divested of the protective mantle of the government. Thus, fears our decision would permit improper use or abuse of prosecutorial authority simply have no foundation.

*United States v. Singleton,* 165 F.3d 1297, 1302 (10th Cir. 1999).

At oral argument, there was a suggestion that government witnesses had possibly been coerced in one form or another by threats, including the loss of custody of their children, if they did not cooperate. Such was not in any way raised in the district court and will not be considered in these appeals.[7] The only issue before the district court was whether appellants were entitled to withdraw their guilty pleas because of *Singleton I*.

In sum, we hold that the appellants failed to show "any fair and just reason" to

---

[7]Generally we do not consider on appeal an issue not raised in the district court. *In re Walker,* 959 F.2d 894, 896 (10th Cir. 1992). Also, we generally do not consider issues raised for the first time in oral argument and not raised in the briefs. *Thomas v. Denny's Inc.,* 111 F.3d 1506, 1510 n.5 (10th Cir. 1997) (citing *Durham v. Xerox Corp.,* 18 F.3d 836, 841, n.4 (10th Cir. 1994)). Further, matter, though perhaps mentioned in a brief, but not "adequately briefed," is deemed waived. *Gross v. Burggraf Const. Co.,* 53 F.3d 1531, 1547 (10th Cir. 1995)

withdraw their guilty pleas, as required by Fed.R.Crim.P. 32(e).

Judgment affirmed.[8]


Entered for the court,



Robert H. McWilliams
Senior Circuit Judge

---

[8]Subsequent to oral argument, appellants Brown and Hamm on February 23, 2000 filed a motion to dismiss their respective appeals, to which the United States filed a response objecting thereto.  The motion to dismiss is denied as untimely.