**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 17 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

LUIS DANIEL RAMOS-PALOMINO,
also known as Flaco,

       Defendant - Appellant.

No. 01-3322
D.C. No. 01-CR-20040-00-JWL
(D. Kansas)

**ORDER AND JUDGMENT**   *

Before **PORFILIO** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant Luis Daniel Ramos-Palomino pled guilty to one count of illegally reentering the United States after conviction of a felony, in violation of 8 U.S.C. § 1326(b)(1). He was sentenced to 120 months of imprisonment, to be followed by a term of three years of supervised release. In this appeal, Mr. Palomino challenges his sentence, contending: (1) that the district court erred in sentencing him to 120 months' imprisonment after incorrectly grouping his illegal reentry conviction with his federal drug convictions under § 3D1.2 of the Sentencing Guidelines; and (2) that the district court erred in denying him a reduction in sentencing for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines.

The government has filed a motion to dismiss this appeal for lack of jurisdiction, relying on the waiver of the right to appeal contained in the plea agreement. Although Mr. Palomino has filed a response to the government's motion to dismiss, he does not address the waiver issue. Instead, he argues that: (1) he will need to be resentenced in the instant case if his federal drug convictions and sentences are reversed by this court on appeal;[1] and (2) he would have received a ten to sixteen-month sentence for his illegal reentry conviction if he had not been sentenced on the drug charges and the illegal reentry charge at

---

[1] Mr. Palomino's federal drug convictions and sentences have been affirmed by this court on appeal. *United States v. Ramos-Palomino*, No. 01-3320, 2002 WL 31341530 (10th Cir. Oct. 18, 2002) (unpublished).

the same time. Mr. Palomino also does not address the waiver issue in his opening brief and he has not filed a reply brief. We agree with the government that Mr. Palomino has waived his appellate rights and, therefore, dismiss this appeal.

On July 16, 2001, Mr. Palomino signed a written plea agreement containing the following language:

> The defendant expressly waives the right to appeal his conviction and/or sentence on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742, and the defendant further agrees not to contest his conviction and/or sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The defendant understands and acknowledges that his sentence will be determined and imposed pursuant to the United States Sentencing Guidelines. The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum established for the offense and expressly waives the right to appeal his sentence, directly or collaterally, on any ground except for: 1) an upward departure by the sentencing judge, 2) a sentence in excess of the statutory maximum, or 3) a sentence in violation of law apart from the Sentencing Guidelines.

R. Vol. 1, Doc. 17, at 2.

At the plea hearing on the same date, the following colloquy took place:

> [The Court:] Now, there's several aspects of that agreement that I want to make sure that you understand. Of course, one is the waiver of appeal. As you acknowledged earlier, you understood that normally a person would have the right to appeal their sentence, but you are also entitled to waive that right to appeal, if you wish, subject to certain conditions. Do you understand that here in this plea agreement you are choosing to give up your right to appeal your sentence in this case based upon that plea agreement?

Do you understand that?

[The Defendant:] Yes.

R. Vol. 2, Tr. of July 16, 2001 Proceedings, at 14-15.

A defendant is bound by the terms of a lawful plea agreement. *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). "A defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable." *United States v. Hernandez*, 134 F.3d 1435, 1437 (10th Cir. 1998). We review the question of whether the plea agreement was entered into knowingly and voluntarily de novo. *United States v. Rubio*, 231 F.3d 709, 712 (10th Cir. 2000).

Mr. Palomino does not allege that his guilty plea was involuntarily or unknowingly entered. Moreover, the record shows that the district court conducted a thorough inquiry at the plea hearing, during which Mr. Palomino affirmed that he understood the charge against him, the maximum penalties, the rights he was waiving, and the factual basis for his plea. We see nothing to indicate that Mr. Palomino's plea was other than knowing and voluntary. Therefore, a valid plea agreement exists and Mr. Palomino is bound by the waiver, unless it falls within a legal or contractual exception.

The general enforceability of a waiver of the right to appeal is subject to certain exceptions. For example, a defendant may seek appellate review

notwithstanding the waiver if (1) the sentence exceeds the statutory maximum, (2) the sentence is tainted by racial bias, or (3) the plea agreement is tainted by ineffective assistance of counsel. *United States v. Black,* 201 F.3d 1296, 1301 (10th Cir. 2000). Mr. Palomino did not receive a sentence in excess of the statutory maximum and he has not alleged racial bias or ineffective assistance of counsel. [2] Furthermore, neither of the additional exceptions contained in the written plea agreement itself–for appeal of an upward departure by the sentencing judge and for appeal of a sentence in violation of law apart from the sentencing guidelines–is implicated here.

To avoid dismissal of his appeal, Mr. Palomino must show why we should not enforce the waiver provision of the plea agreement. *Rubio,* 231 F.3d at 711. He has failed to do this. Mr. Palomino has offered no argument as to the validity of the waiver and nothing in the record suggests that his decision to consent to the waiver was unknowing or involuntary. "If [the] waiver is effective, we would certainly overreach our jurisdiction to entertain this appeal when the plea agreement deprived Defendant of the right to appeal." *Id*.

---

[2] We note that ineffective assistance of counsel claims should be raised in a collateral proceeding, not on direct appeal. *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995).

Accordingly, the government's motion to dismiss is GRANTED. The appeal is DISMISSED.

Entered for the Court

John C. Porfilio
Circuit Judge