**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM MARTIN,

Defendant - Appellant.

No. 02-5077

(N.D. Oklahoma)

(D.C. No. 01-CR-99-C)

## ORDER AND JUDGMENT *

Before **TACHA** , **ANDERSON** , and **LUCERO** ,** Circuit Judges.

William Martin pled guilty to one count of trafficking in counterfeit goods ("Microsoft Office 2000" CDs) and aiding and abetting, in violation of 18 U.S.C. § 2320 and 2(b), and was sentenced to fifteen months imprisonment plus restitution of $395,000. He now seeks to appeal that sentence.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**Judge O'Brien participated in the oral argument of this matter but later recused. Judge Lucero was substituted in his place.

The written plea agreement (Agreement) signed by Mr. Martin contains the following provision waiving his right to appeal, subject to two conditions:

> (6)  APPELLATE WAIVER
>
> THE DEFENDANT AGREES TO WAIVE ALL APPELLATE RIGHTS, INCLUDING ANY AND ALL COLLATERAL ATTACKS, INCLUDING BUT NOT LIMITED TO THOSE PURSUED BY MEANS OF A WRIT OF HABEAS CORPUS, SAVE AND EXCEPT CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL AND THE RIGHT TO APPEAL A DECISION OF THE DISTRICT COURT TO DEPART UPWARD FROM ANY SENTENCE ASSESSED IN ACCORDANCE WITH THE SENTENCING GUIDELINES.

App. Vol. II at 8.

The Agreement recites that the maximum statutory sentence is imprisonment not to exceed ten years and a fine not to exceed $2,000,000, and provides further as follows:

> The defendant is further aware that the sentence has not yet been determined by the Court, that any estimate of the likely sentence received from any source is a prediction, not a promise, and that the Court has the  <u>final discretion to impose any sentence up to the statutory maximum</u>  . The defendant further understands that all recommendations or requests by the United States pursuant to this agreement are not binding upon the Court (Sentencing Guidelines §6B1.4(d)). . . .
>
> If the sentencing court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw his guilty plea, but will remain bound to fulfill all of her [sic] obligations under this agreement.

Id. at 11-12 (emphasis added).

The dispositive threshold question is whether Mr. Martin's waiver of appellate rights is enforceable. He intertwines his argument on this point with arguments on the merits of his appeal.

It is significant to note at the outset that Mr. Martin does not claim that his guilty plea was not knowingly and voluntarily entered into. Furthermore, he made no motion in the district court to withdraw his plea. His entire argument is centered on the relevant conduct adjustments made by the district court to the offense level for the charged offense.

The argument proceeds as follows. In the Agreement, the government stipulated that for sentencing purposes the value of the counterfeit CDs referred to in the Charge was $11,100. The Presentence Investigation Report (PIR) detailed evidence of substantial additional trafficking by the defendant in counterfeit CDs, to which the U.S. Probation Officer attributed a retail value of $1,143,395.00 based on sales prices at Best Buy. The PIR calculated the loss to Microsoft at $395,209.00, based on Microsoft's overall profitability of 41.01 percent for fiscal year 2000.

Mr. Martin strongly objected to the inclusion of the additional CDs, and the increase in the amount of loss from $11,100 to well over one million dollars, resulting in a significantly higher recommended offense level for guideline sentencing purposes. The objections were thoroughly aired at the subsequent

sentencing hearing and were rejected by the district court, which included the additional transactions, at the $1,143,395.00 proposed retail value, as relevant conduct for purposes of sentencing under the Guidelines.     See USSG §1B1.3.

In his appellate brief, Mr. Martin renews the objections he made at sentencing, contending:  (1) that the district court erred as a matter of law, or abused its discretion by considering the additional CD transactions as relevant conduct in that there was insufficient evidence of counterfeiting or that Mr. Martin had knowledge of any illegality; (2) the inclusion of the additional transactions, and imputed retail value, as relevant conduct resulted in an improper "upward modification of the guideline range" (Appellant's Br. at 2); (3) that the district court erred by relying on "the highest available retail value" rather than lower available prices (e.g., those available over the internet or in the secondary market),  id.; and (4) the calculation of the restitution amount was improper mostly due to insufficient evidence.

Waivers are serious undertakings.  Case law in this circuit makes clear that except for specified narrow exceptions, we must enforce them.     See United States v. Elliott , 264 F.3d 1171 (10th Cir. 2001);    United States v. Rubio   , 231 F.3d 709 (10th Cir. 2000);   United States v. Hernandez   , 134 F.3d 1435 (10th Cir. 1998).

None of the recognized exceptions, including the two exceptions in the Agreement in this case, apply here.  Mr. Martin does not assert ineffective

assistance of counsel, absence of a knowing and voluntary plea, or an upward

departure from the Guidelines. [1]

We do face a great disparity in amounts — $11,100 to more than

$1,000,000 — due to relevant conduct. Furthermore, the government essentially

agrees with Mr. Martin's argument that the amount chosen by the district court

was excessive. And, the relevant conduct adjustment proposed in the PIR was

obviously unexpected by Mr. Martin and his counsel.

The amount of the disparity is unusual and gives us pause. But, upon

careful examination of the Agreement, the PIR, and the sentencing hearing, we

cannot view the arguments raised as anything different from the type commonly

raised in challenges to sentencing in cases where no appellate waiver has been

signed. That is, there was a dispute about the counterfeit nature of the additional

products, Mr. Martin's knowledge of the illegality, and the price attributable to

the products. There was evidence as to each. [2] Mr. Martin simply challenges the

---

[1]Mr. Martin refers only to a "modification" of the applicable offense level. No departure occurred here; only an adjustment. The two are not the same. See United States v. Neal, 249 F.3d 1251, 1260 (10th Cir. 2001).

[2]The fact that the infringement amount greatly exceeds Mr. Martin's most recent financial investment of $11,100 in his counterfeiting scheme does not indicate that the retail price selected by the district court should not have been used. By using the normal retail price, the infringement amount "will generally exceed the infringer's gain from selling bootleg copies," as anticipated by the Sentencing Commission. United States v. Larracuente, 952 F.2d 672, 674 (2d Cir. 1992) (quotation omitted). This "loss enhancement" acts as a deterrent against

(continued...)

court's findings and the basis for them. The sentence imposed was well within the statutory maximum recited in the Agreement and the waiver extends to the types of determination made by the district court.

Accordingly, having found the waiver valid, and this appeal falling within its plain language, we enforce it and DISMISS the appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[2](...continued)
future counterfeiting schemes. See USSG §2B5.3, comment. (backg'd).