**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 4 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MICHAEL JEFFREY MORRIS,

      Defendant-Appellant.

No. 03-5031
(D.C. No. 02-CR-72-P)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

In February 2003, Michael Jeffrey Morris filed a notice of appeal from his convictions for bank fraud and wire fraud. His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moved for leave to withdraw as counsel. The government responded by arguing that Mr. Morris waived his right

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to direct appeal in his plea agreement. For the reasons set out below, we grant counsel's motion to withdraw and dismiss the appeal.

In paragraph A(2)(b) of his plea agreement, Mr. Morris expressly waived his right to appeal his conviction "except if he receives a sentence above the statutory maximum, or if the sentencing court departs from the applicable sentencing guideline range, or for issues which are not addressed in the pre-sentence report or the objections timely filed thereto by the defendant." Rec., vol. I, doc. 28 at 4. None of those conditions were met. The district court sentenced Mr. Morris to sixty-three months total imprisonment to be followed by five years of supervised release, and restitution in the amount of $1,681,199.19, an amount specifically recognized in the plea agreement as permissible. The sentence was not above the statutory maximum or applicable sentencing range, and there were no objections or other issues raised by the government or the defendant.[1] *Id.*, vol. VI at 2. There is no evidence, and neither party contends, that Mr. Morris' plea agreement or colloquy was in any way unknowing or involuntary, or that the plea agreement was in any way unlawful. Therefore, Mr. Morris' waiver of his right to direct appeal is valid and will be enforced by this court. *See United States v.*

---

[1] The maximum statutory sentence for bank fraud is thirty years. *See* 18 U.S.C. § 1344(1). The appropriate sentencing range for Mr. Morris was 51-63 months based on his total offense level of 17 and criminal history category VI. *See* U.S. SENTENCING GUIDELINES MANUAL § 2F1.1; ch. 5, pt. A (sentencing table) (1998).

*Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998) ("This court will hold a defendant to the terms of a lawful plea agreement."); *United States v. Hernandez*, 134 F.3d 1435, 1437 (10th Cir. 1998) ("A defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable."). Accordingly, we **GRANT** counsel's request to withdraw and **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge