**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 18 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

v.

JAMES V. ATTERBERRY,

 Defendant - Appellant.

No. 97-3149

---

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 96-CR-20059-05-GTV)**

---

Submitted on the briefs:

Theodore J. Lickteig, Overland Park, Kansas, for Defendant - Appellant.

Jackie N. Williams, United States Attorney, and Charles E. Ambrose, Jr., Special Assistant United States Attorney, Kansas City, Missouri, for Plaintiff - Appellee.

---

Before **SEYMOUR, BRORBY** and **BRISCOE**, Circuit Judges.

---

**BRORBY**, Circuit Judge.

---

Mr. James Atterberry appeals his sentence, entered pursuant to a guilty plea, contending the district court erred in overruling his objections to the recommended sentence in his Presentence Investigation Report. We dismiss.[1]

Mr. Atterberry pleaded guilty to one count (in a sixteen-count indictment) of conspiring to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A)(ii), 841(b)(1)(B)(vii), and 846. In return for his cooperation, the government moved for a downward sentencing departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. At the sentencing hearing, the court adopted the Presentence Investigation Report's suggested base offense level of 21 over two objections by Mr. Atterberry.[2] However, the court granted the government's motion for a downward departure and lowered Mr. Atterberry's offense level from 21 to 19. The court then sentenced him to a thirty-month term of imprisonment, which was the minimum sentence for that offense level, given his criminal history category. This sentence was well below

---

[1]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

[2] Mr. Atterberry argued his base offense level should have been reduced because he distributed marijuana, not cocaine, and because he played only a minor role in the conspiracy.

the statutory minimum.

Mr. Atterberry appeals the district court's rulings on his objections to the sentence. The government moved to dismiss the appeal based on a waiver contained in the plea agreement that limited the parties' rights to appeal.

The written plea agreement contains the following waiver:

The defendant is aware that [18 U.S.C. § 3742] gives the defendant a right to appeal the sentence to be imposed and that other federal statutes give the defendant the right to appeal other aspects of his conviction. In exchange for the concessions made by the government in this Agreement, the defendant voluntarily and knowingly waives the following rights:

> a. his right to appeal any sentence that does not exceed the maximum penalty provided by the statute of conviction on any ground, including any appeal right conferred by 18 U.S.C. § 3742 ....

This court will hold a defendant to the terms of a lawful plea agreement. *See United States v. Hernandez*, 134 F.3d 1435, 1437 (10th Cir. 1998). "A defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable." *Id.* Because we do not have a copy of the transcript of the Rule 11 hearing in the record, we cannot verify that the district court engaged Mr. Atterberry in a proper colloquy regarding the waiver of his appellate rights, but we see nothing in the record suggesting the waiver was not

made knowingly and voluntarily. *See id.* (enforcing plea agreement waiver of right to appeal against defendant even though record lacked transcript of plea agreement hearing). In addition, Mr. Atterberry himself does not contend his agreement to the appeal waiver was unknowing or involuntary. Therefore, because Mr. Atterberry's thirty-month sentence did not exceed the maximum statutory penalty, the waiver applies. To avoid dismissal of his appeal, Mr. Atterberry must show why this court should not enforce the waiver.

Mr. Atterberry argues the district court negated the waiver provision through a statement it made during the sentencing hearing. At the conclusion of the hearing, no doubt while running through a routine checklist, the court said, "[b]oth the Government and the defendant are advised of their respective rights to appeal this sentence subject to the provisions of [18 U.S.C. § 3742]." Mr. Atterberry contends this statement controls over the written waiver, especially in light of the government's failure to object.[3]

---

[3] It is unfortunate the government did not object, in order to provide the district court an opportunity to clarify its statement. However, the court can think of no reason why the failure to object would constitute a breach of the agreement or should make the waiver provision unenforceable. *See United States v. Michelsen*, No. 97-3114, ___ F.3d ___, ___, 1998 WL 166829, *5 n.4 (8th Cir. Apr. 13, 1998) (finding failure to object does not negate waiver); *United States v. Melancon*, 972 F.2d 566, 568 (5th Cir. 1992) (finding failure to object was not a breach).

In support of his argument, Mr. Atterberry directs this court's attention to a Ninth Circuit case, *United States v. Buchanan*, 59 F.3d 914 (9th Cir.), *cert. denied*, 516 U.S. 970 (1995), in which that circuit held oral pronouncements of a district court advising a defendant of his right to appeal control over written waivers of that right, *id.* at 917-18. We do not find that decision persuasive.

In *Buchanan*, the district court twice mentioned the defendant's right to appeal. The first time, at a preliminary sentencing hearing, the court, in passing, referred to the defendant's right to challenge his sentence while discussing another issue. But the second time, at the final sentencing hearing, the court explicitly advised the defendant of his right to appeal and asked the defendant if he understood that right, to which the defendant replied "[y]es, sir." *Id.* at 917. Believing "[l]itigants need to be able to trust the oral pronouncements of district court judges," the Ninth Circuit ruled the oral pronouncement controlled over the written waiver. *Id.* at 918.

This case lacks a similar explicit contradiction by the district court of the written waiver. Here, the district court merely noted the parties respective rights to appeal pursuant to 18 U.S.C. § 3742. The court mentioned the right to appeal only once, and when it did so, it was not only addressing the defendant. Most

importantly, the court did not query the defendant as to whether he understood its description of his appeal rights. This distinction alone convinces us this case is distinguishable from *Buchanan*.

Also, it appears the court's statement may even be consistent with the written waiver. Under the waiver, Mr. Atterberry could appeal pursuant to 18 U.S.C. § 3742 if he believed his sentence exceeded the statutory maximum permitted for his offense. The district court's comment may only have been intended to inform Mr. Atterberry of his right to appeal as limited by the waiver, as the court was required to do. *See* Fed. R. Crim. P. 32(c)(5).

Furthermore, even if this case was comparable to *Buchanan*, we would not reach the same result. The Ninth Circuit reached its decision out of concern that defendants be able to trust and rely upon the district court's statements. *Buchanan*, 59 F.3d at 917-18. We are more persuaded by the circuits that have held statements made by a judge during sentencing concerning the right to appeal do not act to negate written waivers of that right, because statements like those made by the court during Mr. Atterberry's sentencing do not affect a defendant's prior decision to plead guilty and waive appellate rights. *See Michelsen*, ___ F.3d at ___, 1998 WL 166829, *5; *Melancon*, 972 F.2d at 568 (considering whether

oral statement acts to negate knowingness of waiver). Because the district court's routine remarks could not have affected Mr. Atterberry's waiver decision, we believe they should not negate that decision.

Under the terms of the agreement signed by Mr. Atterberry and his attorney, Mr. Atterberry waived his right to raise this appeal. Therefore, the appeal is **DISMISSED**.