**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 1999**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MIGUEL VASQUEZ,

      Defendant-Appellant.

No. 99-2083
(D.C. No. CIV-98-546-JP)
(New Mexico)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Vasquez pled guilty to two counts of drug trafficking. He filed a petition under 28 U.S.C. § 2255 claiming ineffective assistance of counsel. The district court denied the petition on the recommendations of the magistrate. Mr. Vasquez asks us to grant a certificate of appealability and reverse.

In his plea agreement, Mr. Vasquez expressly waived his right to directly or collaterally appeal any sentence of twelve years or less, including an express waiver of any claim of ineffective assistance of counsel. He attempts to challenge the waiver by asserting that as a Spanish-speaker, his plea was not knowing. We believe this argument undermined by the record, which indicates that the court provided a translated copy of his plea agreement as well as an interpreter. Moreover, in his plea colloquy, Mr. Vasquez acknowledged he made the waiver voluntarily and knowingly.

Next, Mr. Vasquez contends the court's oral advisement of his right to appeal at the end of his sentencing was inconsistent with the terms of the written agreement and superceded those terms. We disagree and interpret the oral advisement as consistent with his plea agreement since the court could well have been advising Mr. Vasquez of his right to appeal any sentence greater than twelve years, as stipulated in the plea agreement. *See United States v. Atterberry*, 144 F.3d 1299, 1301 (10th Cir. 1998) (concluding a court's advisement of a right to appeal is consistent with a plea term's conditional waiver of direct appeal).

The outstanding issue is whether a waiver of a right to make a section 2255 collateral attack based on ineffective assistance of counsel can be enforced. This court has not decided this issue. While the answer in other circuits turns on whether the ineffective assistance tainted the voluntariness of the plea or the waiver agreement itself, *see, e.g., Jones v. United States*, 167 F.3d 1142, 1144-45 (7th Cir. 1999) (citing cases), we need not reach this issue here.

In the instant case, even if Mr. Vasquez were to prevail on challenging the validity of the waiver, he cannot prevail on the underlying claim of ineffective assistance of counsel for failure to cross-examine witnesses, failure to file an appeal, failure to challenge drug quanitites and for failure to bar him from agreeing to any waiver. The district court found no ineffective assistance of counsel. We review the district court's legal conclusions regarding ineffective assistance of counsel de novo. *See United States v. Cook*, 49 F.3d 663, 665 (10th Cir.1995). We agree with the magistrate judge's conclusions as adopted by the district court that because Mr. Vasquez pled guilty, a right to cross-examine is moot. As for the failure to file an appeal, we also agree Mr. Vasquez' counsel was within a reasonable range of discretion when he determined that the waiver agreement barred appeal. In addition, the magistrate properly concluded that counsel was not ineffective for failure to challenge drug quantities because these quantities had already been stipulated in the plea agreement. Finally, Mr.

Vasquez' vague single sentence that his counsel should have barred him from agreeing to any waiver suggests his counsel had a duty to override any free will of Mr. Vasquez', which is certainly not the role of counsel. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) ("[T]he accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, . . . or take an appeal."); *United States v. Ballejos*, 931 F.2d 63, 63 (10th Cir. 1991) (unpublished).

In sum, we agree with the district court that Mr. Vasquez' claims of ineffective assistance of counsel are groundless. Accordingly, Mr. Vasquez has not "made a substantial showing of the denial of a constitutional right" as required for the issuance of a certificate of appealability, 28 U.S.C. § 2253(c)(2). We therefore **DENY** Mr. Vasquez' motion for a certificate and **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-4-