**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**JUL 3 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

VANESSA GAYLE GLASS,

Defendant-Appellant.

No. 00-3269
(D.C. No. 00-CR-10026-02-JTM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **PORFILIO**, and **ANDERSON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant pleaded guilty to maintaining a place for the purpose of distributing cocaine base, in violation of 21 U.S.C. § 856(a)(1), and was

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentenced to 108 months' imprisonment under the sentencing guidelines. She now appeals her sentence, arguing that the district court erred in its application of the sentencing guidelines.

The government asserts that defendant waived her right to appeal her sentence in the plea agreement. The agreement states that defendant "waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement." R. Vol. I, tab 54 at 3. Defendant neglected to mention the plea agreement or the waiver it contains in her brief on appeal.

"This court will hold a defendant to the terms of a lawful plea agreement. A defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable." *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998) (citation and quotation omitted). Our review of the record reveals nothing to suggest that defendant's waiver was either unknowing or involuntary, and, as we stated, defendant does not even mention the waiver, let alone suggest that it was not knowing or voluntary. *See id.* at 1300. As a result,

and because the sentence imposed is within the statutory maximum, we hold that the waiver applies.  Consequently, the appeal is DISMISSED.

Entered for the Court


John C. Porfilio
Circuit Judge