**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 20 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE ALBERTO ALEMAN-LUBO,

Defendant-Appellant.

No. 00-2433
(D.C. No. CR-00-150-JC)
(D. N.M.)

ORDER AND JUDGMENT  *

Before **ANDERSON**  and **BALDOCK** , Circuit Judges, and  **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Jose Alberto Aleman-Lubo pleaded guilty in May 2000 to one count of possessing with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B), and 18 U.S.C. § 2. Pursuant to the plea agreement, defendant waived his right to appeal the sentence imposed except to challenge an upward departure from the applicable sentencing guideline range. *See* R. Vol. I, tab 21 at 5. In accordance with the plea agreement, the government recommended that defendant receive a three-level reduction from his base offense level for acceptance of responsibility pursuant to § 3E1.1 of the United States Sentencing Guidelines (USSG) and a three-level reduction for being a minor participant in the crime pursuant to USSG § 3B1.2. *Id*. at 3-4. The plea agreement further provided that, if defendant met the criteria for the "safety valve" provision of 18 U.S.C. § 3553(f), he would be granted an additional two-level base offense level reduction under USSG § 2D1.1(b)(6) and relief from the minimum mandatory sentence. *Id*. at 4.

Based on a pre-sentence investigation, however, it was determined that defendant did not meet the criteria under 18 U.S.C. § 3553(f) because he had two convictions for driving while intoxicated and one conviction for driving with a suspended license and, thus, had a criminal history of II. The sentencing court found defendant had a total offense level, after all reductions, of twenty and a criminal history category of II. Because defendant did not qualify for relief under

§ 3553(f) from the minimum mandatory sentence, and because the range based on the guidelines was below the statutorily required minimum sentence of sixty months, the court sentenced defendant to the statutory minimum sentence of sixty months' imprisonment pursuant to USSG § 5G.1.1, and four years' supervised release.

Defendant appealed, alleging that the district court should have conducted a hearing on his criminal history and that he should not have a criminal history point for driving with a suspended license. Defendant also claims he was denied equal protection because he did not qualify under a policy of the U.S. Attorney to seek less prison time for certain first-time drug couriers. Defendant also claims his trial attorney was ineffective for failing to discover and inform him of the consequences of his three misdemeanor offenses prior to the time he signed the plea agreement, and for failing to argue at sentencing that his criminal history was overstated and that he was denied equal protection under the law.

On appeal, defendant's attorney has filed an *Anders v. California*, 386 U.S. 738 (1967), brief presenting these issues, and has filed a motion to withdraw. As required, a copy of counsel's *Anders* brief and motion to withdraw were provided to defendant, *see id*. at 744, and he filed a pro se brief. Pursuant to our duty under *Anders*, we have conducted an independent review of defendant's sentence, *see id*., and we agree that the appeal is frivolous.

We decline to address defendant's arguments that he received ineffective assistance of counsel. These allegations require development of a factual record by the district court, and, consequently, are properly brought in a collateral proceeding and not in this direct appeal. *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). We dismiss defendant's allegations against his trial attorney without prejudice.

As to defendant's remaining claims, the United States correctly argues that defendant waived his statutory right to appeal by knowingly and voluntarily waiving that right in his plea agreement. *See United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998) (agreement to waive right to appeal is enforceable).

> [A]greements waiving the right to appeal are subject to certain exceptions, including where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful. In addition, a waiver may not be used to preclude appellate review of a sentence that exceeds the statutory maximum or to deny review of a claim that the agreement was entered into with ineffective assistance of counsel.

*United States v. Cockerham*, 237 F.3d 1179, 1182 (10th Cir.), *petition for cert. filed* (U.S. July 23, 2001) (No. 01-5462) (quotations and citations deleted). Our review of the record reveals that defendant entered into the plea agreement waiving his appellate rights knowingly and voluntarily. The defendant does not claim that he did not know the terms of his plea agreement or that his plea was

-4-

unknowing or involuntary. The district court did not depart upward from the applicable sentencing guideline range nor exceed the statutory maximum sentence. Finally, as noted above, defendant's ineffective assistance of counsel claims are not properly before this court and have been dismissed, so that exception does not here apply.

Therefore, we GRANT counsel's request to withdraw and DISMISS the appeal.

Entered for the Court


Bobby R. Baldock
Circuit Judge