**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**MAR 6 2002**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

MYRON ANDRE WILLIAMS, a/k/a
Inch,

     Defendant - Appellant.

No. 00-6417
(D.C. No. 00-CR-25-R)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY** and **McWILLIAMS**, Circuit Judges and **STAGG**,[**] District
Judge.[***]

Defendant-Appellant Myron Andre Williams pleaded guilty to conspiracy to

possess with intent to distribute cocaine base (crack), cocaine powder, and PCP in

violation of 21 U.S.C. §§ 846 and 841. Pursuant to a plea agreement, he forfeited

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Tom Stagg, Senior District Judge, United States District
Court for the Western District of Louisiana, sitting by designation.

[***] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

all rights he had in any assets subject to forfeiture pursuant to 21 U.S.C. § 853, and waived his right to appeal or collaterally challenge the sentence imposed except under limited circumstances.[1]  In exchange for the plea, the government agreed to dismiss the other eight charges made against Mr. Williams in the indictment.  Mr. Williams timely filed Objections to the Pre-Sentencing Investigation Report objecting to the constitutionality of a firearm enhancement, denying he had a firearm during the commission of a felony, and objecting to the sufficiency of the evidence for a firearm enhancement.  The district court at

_____

[1] The plea agreement states in relevant part:

> [Mr. Williams] in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to appeal or collaterally challenge:
>
> > b. Defendant's sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the applicable guideline range determined by the Court to apply to this case, even if the Court rejects one or more of the positions of the United States or the defendant set forth in paragraph 7 concerning the application of the U.S. Sentencing Guidelines; provided that (i) defendant specifically does not waive the right to appeal an upward departure from the sentencing guideline range determined by the Court to apply to this case, and (ii) his waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on cases decided after the date of this agreement which are held by the Tenth Circuit or Supreme Court to have retroactive effect.

Plea Agreement at 9-10.

sentencing overruled Mr. Williams' Objections.  Sentencing Trans. at 22.  After concluding that the applicable sentence range was 235 to 293 months, the district court sentenced Mr. Williams to 235 months of imprisonment and five years of supervised release.  Doc. 594.

Mr. Williams now seeks to appeal his sentence.  Counsel for Mr. Williams has filed an Anders brief, served a copy of the brief on Mr. Williams and now requests that he be allowed to withdraw as counsel for Mr. Williams.  Aplt. Br. at 4-5.

We have reviewed the case independently, including the transcript of the sentencing proceedings and the presentence report.  A defendant will be held to the terms of a lawful plea agreement.  United States v. Atterberry, 144 F.3d 1299, 1300 (10th Cir.  1998).  A defendant's knowing and voluntary waiver of his statutory right to appeal his sentence is generally enforceable.  Id.  We review the question of whether the plea agreement was entered knowingly and voluntarily de novo.  United States v. Rubio, 231 F.3d 709, 711 (10th Cir. 2000).  Counsel argues that Mr. Williams could not have knowingly waived his statutory right to appeal his sentence because he "[did] not have and [could] not have any knowledge of the nature and magnitude of the sentencing errors he purport[ed] to have waived."  Aplt. Br. at 9.  Mr. Williams, however, entered his plea agreement after consulting with counsel and in exchange for the dismissal of eight other counts

against him. Aplt. Br. at 8. The record reveals the district court conducted a thorough inquiry at the plea hearing, during which Mr. Williams affirmed that he understood the nature of the rights he was waiving. Nothing in the record indicates that Mr. Williams' decision to enter the plea agreement was other than knowing and voluntary. Therefore, a valid plea agreement exists and Mr. Williams is bound by it.

Given the enforceable plea agreement, Mr. Williams can only appeal (i) upward departures from the sentencing guideline range determined by the district court to apply and (ii) appeals based on cases decided after the date of the plea agreement which are held by the Tenth Circuit or Supreme Court to have retroactive effect. Plea Agreement at 10. Our review of the record reveals that the district court did not upwardly depart from the range it determined to be applicable.

With respect to exception (ii), the plea agreement was entered June 23, 2000. Apprendi v. New Jersey, 530 U.S. 466 (2000), was decided on June 26, 2000 and is to be applied retroactively to all cases pending on direct review or not yet final. United States v. Lujan, 268 F.3d 965, 967 n.2 (10th Cir. 2001). In Apprendi, the Supreme Court held that other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be charged in the indictment. 530 U.S. at 482. The statutory maximum for

possession of a schedule II controlled substance with intent to distribute is 20 years regardless of the quantity involved. 21 U.S.C. § 841(b)(1)(C). Because Mr. Williams was sentenced to less than 20 years, Apprendi does not apply in this case irrespective of what the Indictment said about quantity. Count One of the Indictment clearly states that Mr. Williams is charged with conspiracy to possess with intent to distribute cocaine base (crack), cocaine powder, and PCP, all schedule II controlled substances. Indictment at 2. See United States v. Thompson, 237 F.3d 1258, 1262 (10th Cir. 2001) (noting that neither 21 U.S.C. § 841 nor § 846 require a specific quantity of drugs as an element of the offense, the maximum sentence under these statutes was twenty years, and no Apprendi violation occurred where the defendant was sentenced to less than twenty years).

We AFFIRM Mr. Williams' sentence insofar as the Apprendi claim; we DISMISS his appeal based upon any other grounds. Mr. Williams' petition to proceed IFP is GRANTED. Appellate defense counsel's request for leave to withdraw is GRANTED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge