**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 28 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EUDALDO BURGOS-CEBREROS,

Defendant - Appellant.

No.  01-8012
(D.C. No. 00-CR-58-D)
(D. Wyoming)

**ORDER AND JUDGMENT**  *

Before **HENRY** and **HOLLOWAY** , Circuit Judges, and   **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendant Eudaldo Burgos-Cebreros, a non-citizen who had previously been deported, pleaded guilty to illegally re-entering the United States.        *See*

---

*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

8 U.S.C. § 1326(a). The plea agreement Mr. Burgos-Cebreros and the government signed, and which the district court accepted, provided, among other things, that Mr. Burgos-Cebreros waived his right to appeal his sentence. The district court found that the plea was knowing, intelligent, and voluntary. It sentenced Mr. Burgos-Cebreros to 57 months in prison.

Despite having waived his right to appeal, Mr. Burgos-Cebreros now appeals his sentence. His court-appointed appellate counsel has submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no issues of merit in this appeal. In particular, the brief notes that this court cannot review Mr. Burgos-Cebreros's sentence because (1) it reflects a proper application of the sentencing guidelines and is within the prescribed sentencing range, and (2) because he knowingly and voluntarily waived his right to appeal his sentence. We agree with the second point, and thus we offer no opinion on the first.

The record confirms that Mr. Burgos-Cebreros's waiver of his right to appeal was knowing and voluntary. Since he does not speak English fluently, a Spanish language interpreter assisted him during the plea hearing, and his plea agreement was translated into Spanish. The district court exhaustively inquired into whether he understood and accepted the terms of the agreement, including its waiver provision. Mr. Burgos-Cebreros affirmed that he did. He also affirmed

the factual bases for his conviction. "This court will hold a defendant to the terms of a lawful plea agreement." *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998) (holding that knowing and voluntary waivers are generally enforceable). We see nothing improper with the plea agreement here, nor do we doubt that Mr. Burgos-Cebreros entered it knowingly, intelligently, and voluntarily. Accordingly we must enforce that agreement.

Our conclusion that Mr. Burgos-Cebreros has validly waived any right to appeal his sentence precludes us from reaching any other issue raised in the *Anders* brief. We therefore DISMISS his appeal and GRANT counsel James H. Barrett's motion to withdraw.

Entered for the Court

Robert H. Henry
Circuit Judge