F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**APR 14 2003**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADRIAN PEREZ-CAMPOS,

Defendant - Appellant.

No. 02-6238
(D.C. No. 01-CR-01-116-T)
(W. District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

On March 6, 2002, Adrian Perez-Campos pled guilty to one count of

conspiracy to possess with intent to distribute cocaine, a violation of 21 U.S.C.

§ 846, and was sentenced to ninety-seven months' imprisonment and three years'

supervised release. In his written Plea Agreement, Perez-Campos waived his

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

right to appeal his sentence, provided the sentence fell within or below the applicable Guideline range. Notwithstanding the waiver, Perez-Campos appeals his sentence, arguing that (1) the district court erred in calculating the drug quantity attributable to him, and (2) the district court erred in denying his request for a two-level reduction for being a minor participant in the conspiracy. He contends that we should not enforce his appeal waiver because the government breached the Plea Agreement at sentencing. In response, the government asserts that Perez-Campos had previously violated the Agreement, thus vitiating its responsibilities under the Agreement, but suggests we remand to the district court for a hearing on the issue of whether a breach occurred. Because there is a factual dispute about whether either party breached the Plea Agreement, we remand to the district court for further proceedings.

## I

We generally enforce a defendant's knowing and voluntary waiver of the statutory right to appeal his sentence. United States v. Atterberry, 144 F.3d 1299, 1300 (10th Cir. 1998). Perez-Campos does not assert that his guilty plea was involuntary or unknowing. Moreover, we have reviewed the record, which shows that the district court conducted a thorough hearing, and Perez-Campos voluntarily waived his right to appeal.

Perez-Campos argues that we should not enforce the waiver provision of

his Plea Agreement here because the government breached the Agreement at sentencing. "[A] waiver provision may be unenforceable if the government breaches the terms of the Plea Agreement." United States v. Guzman, 318 F.3d 1191, 1195 (10th Cir. 2003). Specifically, Perez-Campos contends that the government breached the Agreement the moment it asked the district court to consider whether he was entitled to credit for acceptance of responsibility, in contravention of his expectation that the government would recommend a three-point reduction. In response, the government claims that Perez-Campos breached the Plea Agreement first, thereby vitiating the Agreement.

The written Plea Agreement provided that "defendant should receive credit for acceptance of responsibility, § 3E1.1(a) & (b) if he complies with the plea agreement." (1 R. Doc. 89 at 3.) Perez-Campos's responsibilities under the Plea Agreement included waiving his appeal rights and full cooperation with the United States, but he explicitly reserved the right to argue drug quantities at sentencing, and also the right to challenge his role in the offense. Based upon the objections to the presentence report raised by Perez-Campos in relation to the drug quantity attributable to him, however, the government asserted at sentencing that "the defendant has gone beyond merely arguing and his right to argue drug quantities, and . . . we do believe that the acceptance of responsibility is a serious issue now raised based upon these objections." (Sent. Tr. at 4–5.) Later in the

hearing, the government stated that it appeared as if Perez-Campos "denied every single allegation in the presentence report, which does call into question whether he has accepted responsibility." (Id.) Addressing whether Perez-Campos was entitled to the reduction for acceptance of responsibility, the district court stated:

> Attributable drug amounts were expressly reserved by him in his plea agreement and, as well, in the proceeding in which he plead guilty, and I think that, under those circumstances and under all of the circumstances before the Court now, the acceptance of responsibility should not be taken away from him, and given every benefit of every doubt, as he has been in the attributable drug amounts, I think that fairness and justice will best be served by not denying him his acceptance under those circumstances.

(Id. at 33-34.)

In Guzman, we recently concluded that "if the pleadings reveal a factual dispute on the issue of breach [of a plea agreement], the district court must hold a hearing to resolve the factual issues." 318 F.3d at 1196. The facts in Guzman are substantially identical to the instant case insofar as the defendant sought to appeal his sentence notwithstanding his waiver, on the ground that the government breached the Plea Agreement at sentencing. Similarly, the government, in response, claimed that its actions were justified because Guzman had previously breached the Agreement. Id. at 1196. In remanding to the district court, we held that "the government may not unilaterally declare a breach of a plea agreement; a court must hold a hearing and make a finding that the defendant breached the agreement before the government is released from its obligations under the

-4-

agreement." Id. Here, as in Guzman, the district court did not hold a hearing to determine whether either party breached the Plea Agreement, and thus we remand.[1]

On remand, the court should hold a hearing to address whether the Plea Agreement had been violated by either Perez-Campos or the government. See id. at 1198. We remind the court that "it has the discretion to consider any relevant evidence, even if it was not introduced in the initial sentencing proceedings." Id. Were the court to conclude that Perez-Campos did in fact breach the Plea Agreement, the court need not determine whether the government later breached the Agreement. See id. Barring waiver, of course, the government might choose to reinstate prosecution. ( See 1 R. Doc. 89 ¶ 13.) However, if the court determines that Perez-Campos did not breach the agreement, it must then decide whether the government's sentencing recommendations did. See Guzman, 318 F.3d at 1198. Were this to be the case, the court "must decide whether [Perez-

---

[1] We recognize that any breach by the government may be claimed to be harmless given that the district court nevertheless credited Perez-Campos with the three-point reduction. In Guzman, however, we concluded that the defendant was entitled to a hearing on the question of whether either he or the government breached the Plea Agreement "regardless of the degree to which the government's recommendations prejudiced the sentencing judge." 318 F.3d at 1198; see also United States v. Keresztury, 293 F.3d 750, 756 (5th Cir. 2002) ("When we scrutinize the government's conduct to determine whether it manifested an exercise of its prerogative to void the plea agreement, our objective is to discover whether the defendant's waiver of his right to appeal remains effective, not whether resentencing is required.").

Campos] should be resentenced under conditions where the government fulfills the promises it made in the Plea Agreement (*i.e.,* specific performance), or whether he should be allowed to withdraw his guilty plea." Id.

**II**

For the foregoing reasons, we **REMAND** to the district court with instructions to **VACATE** Perez-Campos's sentence and for further proceedings consistent with this opinion.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge