**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 20, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRENTON R. ANDREWS,

    Defendant - Appellant.

No. 15-4140
(D.C. No. 2:14-CR-00636-TS-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Brenton R. Andrews was charged with one count of producing child pornography, for which the statutory minimum sentence was 15 years and the statutory maximum was 30 years. He entered into a plea agreement under Fed. R. Crim. P. 11(c)(1)(C) in which he agreed to plead guilty to the charge and to receive a stipulated sentence of 300 months (25 years).[1] After reviewing the presentence

_____

[*] This panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] At sentencing, the government noted that Andrews had not merely produced child pornography but had sexually abused a minor on several occasions. The plea to a stipulated sentence of 300 months allowed Andrews to avoid prosecution for that abuse by state and federal authorities.

report and determining that the guidelines range would be 262-327 months, the district court concluded that a sentence of 300 months was reasonable. It therefore accepted Andrews' plea and sentenced him to a term of 300 months in prison.

As part of his plea agreement, Andrews waived his right to appeal unless the punishment imposed was greater than the parties had agreed.[2] Despite this waiver and the imposition of the agreed sentence, Andrews brought this appeal claiming that the district court failed to consider all the relevant factors in sentencing him, the presentence report contained several errors, and his counsel was ineffective for not bringing these matters to the court's attention. The government has moved to enforce the appeal waiver, in accordance with *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). We grant the government's motion and dismiss the appeal.

"This court will hold a defendant to the terms of a lawful plea agreement." *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). We will enforce an appeal waiver in a plea agreement as long as three elements are met: (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.

Andrews' counsel filed a response to the government's motion in which he conceded that the appeal waiver in the plea agreement "acts as a waiver of

---

[2] Andrews also agreed to waive his right to bring a collateral attack, except on the issue of ineffective assistance of counsel.

Appellant's right to appeal in almost all circumstances," but argued that the government's motion should be denied and the appeal should proceed (with new counsel) because Andrews was claiming that his trial counsel was ineffective. Aplt.'s Resp. at 1-2. Andrews himself filed a pro se response to the government's motion. He contended that he did not agree with the plea agreement and did not want to sign it because he had "so many questions and concerns." Pro Se Resp. at 1. He also stated that he was "coerced into signing things [he] didn't understand" and that he wished he had "felt safe enough" to address the district court in person at his sentencing, but he "was told [he] couldn't argue anything at all." *Id.* at 2. Finally, he maintained that he did not have sufficient time to review the presentence report and did not have an opportunity to correct several errors in it.

Andrews' proposed attacks on his sentence clearly fall within the scope of his appeal waiver, which permitted an appeal only if he received a sentence above the agreed 300 months. But his statements that he did not agree with the plea agreement and was coerced into signing it raise the question whether he waived his right to appeal knowingly and voluntarily. "We only enforce appeal waivers that defendants enter into knowingly and voluntarily." *Hahn*, 359 F.3d at 1328-29. "Nevertheless, it is the defendant who bears the burden of demonstrating his waiver was not knowing and voluntary." *United States v. White*, 584 F.3d 935, 948 (10th Cir. 2009) (brackets omitted) (internal quotation marks omitted); *see also United States v. Edgar,* 348 F.3d 867, 872-73 (10th Cir. 2003) (defendant "has the burden to present evidence from the record establishing that he did not understand the waiver").

3

In determining whether a defendant waived his appellate rights knowingly and voluntarily, "we especially look to two factors." *Hahn*, 359 F.3d at 1325. The first factor is "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and the second is whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Id.* "[E]ither the express language of the plea agreement, if sufficiently clear, detailed, and comprehensive, or the probing inquiry of a proper Rule 11 colloquy could be enough to conclude the waiver was knowing and voluntary. But the synergistic effect of both will often be conclusive." *United States v. Tanner*, 721 F.3d 1231, 1234 (10th Cir. 2013).

The plea agreement Andrews signed contained several statements by him expressly acknowledging that he knowingly and voluntarily entered the plea agreement and, more specifically, waived his right to appeal anything other than a sentence greater than the agreed 300 months. During the Rule 11 colloquy at the change of plea hearing, Andrews stated under oath that he had read every sentence of the plea agreement, that he had had sufficient time to review it with his attorney, that no one had threatened or coerced him into pleading guilty, and that he understood he was waiving his right to appeal his conviction or sentence except as stated in the plea agreement. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The record before us demonstrates that Andrews waived his right to appeal knowingly and voluntarily. To the extent he is unhappy with his counsel's representation during the plea process,

4

Andrews will have to await a subsequent proceeding under 28 U.S.C. § 2255 to raise any claim of ineffective assistance of counsel.

Having determined that the appeal is within the scope of the waiver and that the waiver was knowing and voluntary, we have to consider only whether enforcing the appeal waiver would result in a miscarriage of justice. We have recognized only four situations that give rise to a miscarriage of justice: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327.

In his docketing statement Andrews indicated that he intended to bring a claim for ineffective assistance of counsel based on his trial counsel's failure to draw the district court's attention to errors in the presentence report or to ensure that the court considered all the proper sentencing factors. But for a claim of ineffective assistance to invalidate the waiver, it must relate to the negotiation of the waiver itself. *See id.* Andrews' proposed ineffective assistance claim does not. Moreover, even if he were to claim that his counsel provided ineffective assistance in negotiating the waiver (or the plea agreement in general), Andrews would have to raise the claim in a subsequent collateral proceeding, not on direct appeal, *see United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005). "This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel."

5

*Id.* Neither Andrews nor his counsel has suggested any other basis for withholding enforcement of the waiver.

Accordingly, the government's Motion to Enforce Plea Agreement and Dismiss Appeal is granted, and the appeal is dismissed. Andrews' motion for appointment of new counsel is denied as moot.

> Entered for the Court
> Per Curiam