**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 3, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICKY DALE BARRON,

    Defendant - Appellant.

No. 16-7030
(D.C. No. 6:15-CR-00073-RAW-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE** and **McHUGH**, Circuit Judges.[**]

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] The Honorable Neil Gorsuch considered this appeal originally but did not participate in this Order and Judgment.  The practice of this court permits the remaining two panel judges, if in agreement, to act as a quorum in resolving the appeal.  See 28 U.S.C. § 46(d); see also United States v. Wiles, 106 F.3d 1516, 1516 n* (10th Cir. 1997) (noting this court allows remaining panel judges to act as a quorum to resolve an appeal); Murray v. National Broadcasting Co., 35 F.3d 45, 48 (2nd Cir. 1994), cert. denied, 513 U.S. 1082 (1995) (remaining two judges of original three judge panel may decide petition for rehearing without third judge).

submitted without oral argument.

Defendant-Appellant Ricky Dale Barron was charged by information on two counts: felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and interstate transportation of illegally taken wildlife, in violation of 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(2). Aplt. App. vol I, at 12–13. Mr. Barron entered into a written plea agreement pleading guilty to both counts. Id. at 18. That agreement contained an express waiver of his appellate and post-conviction rights. Id. at 21–22.

When a defendant has entered into an agreement waiving his or her right to appeal, there are only three circumstances in which we will not enforce that waiver. See United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004). First, we "will not enforce waivers of appellate rights beyond the scope of the plea agreement." Id. (citing United States v. Chavez-Salais, 337 F.3d 1170, 1173 (10th Cir. 2003)). "[A]ny ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights.'" Id (quoting United States v. Andis, 333 F.3d 886, 890–92 (8th Cir. 2003)). But we "will hold a defendant to the terms of a lawful plea agreement." Id. (quoting United States v. Atterberry, 144 F.3d 1299, 1300 (10th Cir. 1998)). Second, we will not enforce waivers of appellate rights that were not entered into knowingly and voluntarily. See id. Third, we will not enforce waivers of appellate rights if doing so would result in a miscarriage of justice. See id. Enforcing a waiver would result in a miscarriage of justice only if (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver

2

renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful" and "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 1327 (alteration omitted) (first quoting United States v. Elliott, 264 F.3d 1171, 1173 (10th Cir. 2001); then quoting United States v. Olano, 507 U.S. 725, 732 (1993)).

In this case, Mr. Barron signed an agreement expressly waiving his "right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a)." Aplt. App. vol. I, at 21. Thus, Mr. Barron's instant appeal falls within the scope of the waiver. Mr. Barron provides no argument as to why his express waiver should not be enforced, except for the allegation, raised for the first time in his reply brief, that the government added a charge after the agreement was signed. Specifically, Mr. Barron cites the "charge under 18 U.S.C. § 924(a)." Aplt. Reply Br. at 3.

Although we need not consider arguments raised for the first time in a reply brief, see Planned Parenthood of the Rocky Mts. Servs. Corp. v. Owens, 287 F.3d 910, 926 (10th Cir. 2002), we note for Mr. Barron's benefit that both the information and the plea agreement accurately listed the two charges for which he was sentenced. Section 924(a) is not the basis for a new charge; it is merely the provision that describes possible penalties for his charge under 18 U.S.C. § 922(g)(1). Further, the possible range of punishment for his charges was included in the plea agreement, Aplt. App. vol. I, at 19, and was read to Mr. Barron at his change of plea hearing, Aplt. App. vol. II, at 31–32.

Mr. Barron stated on the record that he understood.  <u>Id.</u> at 32.  Therefore, Mr. Barron's express waiver of his appellate rights is enforceable and we dismiss his appeal.

Entered for the Court


Mary Beck Briscoe
Circuit Judge