**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 23, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DARRIN RENAY KIMBLE, a/k/a Darrin
Latroy Kimble, a/k/a Darrin Renay Teague,

    Defendant - Appellant.

No. 24-7082
(D.C. No. 6:21-CR-00283-RAW-1)
(E.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **McHUGH**, **EID**, and **FEDERICO**, Circuit Judges.

_____

Darrin Kimble pleaded guilty to one count of robbery in Indian Country, in

violation of 18 U.S.C. §§ 2111, 1151, 1153, in exchange for the dismissal of two

counts of assault with a dangerous weapon with intent to do bodily harm in Indian

Country.  His plea agreement contained a waiver of appellate rights.  Kimble

nonetheless appeals, challenging the district court's application of a four-level

sentencing enhancement for "otherwise using" a dangerous weapon during the

commission of the robbery.

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Because this appeal falls within the scope of Kimble's appellate waiver, the waiver was entered into knowingly and voluntarily, and enforcement would not result in a miscarriage of justice, we find his waiver agreement enforceable. Accordingly, we dismiss Kimble's appeal.[1]

## I.

On February 21, 2021, Darrin Kimble stole a television from a Walmart in Coweta, Oklahoma. As Kimble exited the store, he pulled a knife from his pocket and made several stabbing motions toward an employee who attempted to stop him. Kimble then fled to the parking lot, where a driver was waiting for him. While Kimble was loading the television into the getaway car, he again made stabbing motions toward a customer who approached him.

Later that day, law enforcement apprehended Kimble and the driver. A grand jury proceeded to indict Kimble on one count of robbery in Indian Country, in violation of 18 U.S.C. §§ 2111, 1151, 1153, and two counts of assault with a dangerous weapon with intent to do bodily harm in Indian Country, in violation of 18 U.S.C. §§ 113(a)(3), 1151, 1153. Kimble entered a plea agreement in which he pleaded guilty to the robbery count in exchange for the government moving to dismiss the remaining counts. In the same document, Kimble also agreed to waive his appellate and post-conviction rights, as well as his departure and variance rights.

---

[1] Since we dismiss the appeal based upon the appellate waiver, we need not address Kimble's sentencing argument.

Kimble pleaded guilty before a magistrate judge pursuant to the terms of the agreement. Due to a technical error, a transcript of the change of plea hearing is unavailable. But at the sentencing hearing, the government confirmed that the plea agreement included a waiver of Kimble's appellate and post-conviction rights. And when the district court asked defense counsel whether the government had "accurately and adequately describe[d] the plea agreement," counsel confirmed that it had. R. Vol. III at 10. The court then "formally adopt[ed] the plea agreement both in its written form and as stipulated and agreed to by the parties at [the change of plea] hearing." *Id.*

The probation office prepared a presentence report ("PSR") detailing the facts of the alleged conduct and recommended a three-level enhancement under Sentencing Guideline ("U.S.S.G.") § 2B3.1(b)(2)(E), noting that Kimble had "brandished" a knife during the robbery. The government objected, arguing the district court should instead apply a four-level enhancement under U.S.S.G. § 2B3.1(b)(2)(D) because Kimble "otherwise used" the knife during the robbery. In support of its objection, the government submitted two screenshots from a surveillance video which, in its view, show Kimble went beyond "brandishing" the knife. The government also recounted the employee's testimony (included in the draft PSR) that Kimble "reached his hand in his pocket and pulled out a knife and started swinging and I let go. Because he try to stabed [sic] me." R. Vol. II at 47 (alteration in original).

Over Kimble's "object[ion] to the Government's Objection" to the PSR, *id.* at 50, the probation office accepted the government's position that Kimble went beyond

3

"brandishing" the knife. Accordingly, it revised the PSR to include a four-level enhancement for "otherwise using" the knife during the robbery. Later, during sentencing, the district court gave defense counsel an opportunity to address the parties' dispute over which enhancement was appropriate. Defense counsel responded that because Kimble "had the knife but he did not use the knife while in the process of taking the TV," the court should apply only the three-level enhancement for brandishing. R. Vol. III at 6.

The district court overruled the objection, concluding Kimble "otherwise used" the knife when he made stabbing motions toward an employee and a customer. After applying the four-level enhancement, Kimble's guideline range increased from seventy to eighty-seven months' imprisonment to seventy-seven to ninety-six months' imprisonment. The district court then sentenced Kimble to seventy-seven months. This appeal followed.

## II.

We review de novo whether a defendant's appeal waiver set forth in a plea agreement is enforceable. *United States v. Ibarra-Coronel*, 517 F.3d 1218, 1221 (10th Cir. 2008).[2]

In determining whether to enforce an appeal waiver, we ask "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether

---

[2] The government may move to enforce an appeal waiver either by motion or in its merits brief. *See* 10th Cir. R. 27.3(A)(1)(d); *id.* 27.3(A)(3)(d). Here, the government has chosen to do so in its merits brief. *See* Aple. Br. at 8.

the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

Kimble concedes that this appeal falls within the scope of his appellate waiver. Accordingly, we must determine whether the remaining two *Hahn* factors are present. In doing so, Kimble bears the burden of showing that he did not knowingly and voluntarily enter into his plea waiver or that enforcing the waiver would result in a miscarriage of justice. *See United States v. Anderson*, 374 F.3d 955, 958–59 (10th Cir. 2004).

## A.

To determine whether a waiver is knowing and voluntary, we (1) examine "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and (2) "look for an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325.

Here, Kimble's plea agreement expressly states that he "knowingly and voluntarily agrees and understands" that he is waiving "the right to directly appeal [his] conviction and sentence pursuant to 28 U.S.C. § 1291." Supp. R. Vol. I at 6. The page containing this waiver—along with all of the other pages in the agreement—was initialed by Kimble. *Id.* at 3–13. Further, Kimble signed and dated after the acknowledgments section at the end of the plea agreement, which states "I fully understand [the plea agreement] and I voluntarily agree to it without reservation." *Id.* at 13.

5

Due to a technical error, the Rule 11 change of plea hearing was not transcribed. However, as Kimble acknowledges, we have previously enforced plea waivers in the absence of a transcript. *See, e.g.*, *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). In *Atterberry*, we held that without something in the record to indicate the waiver was made unknowingly or involuntarily, the language of the written plea agreement can be sufficient to establish a knowing and voluntary waiver. *Id.*; *accord United States v. Tanner*, 721 F.3d 1231, 1234 (10th Cir. 2013) ("[T]he express language of the plea agreement, if sufficiently clear, detailed, and comprehensive . . . could be enough to conclude the waiver was knowing and voluntary.").

Accordingly, we find that Kimble has failed to carry his burden of proving that he did not knowingly and voluntarily waive his appellate rights. The language of his plea agreement is explicit, and Kimble has not offered any evidence of a lack of knowledge or voluntariness.

**B.**

The third *Hahn* factor asks whether enforcing the appellate waiver would result in a miscarriage of justice. We have tightly defined this factor, holding it can "arise only when (1) the district court relied on an impermissible factor such as race; (2) ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful." *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) (cleaned up).

6

Three of these circumstances are clearly inapplicable in this case. No allegations of improper reliance on an impermissible factor or ineffective assistance of counsel have been made. *See* Reply Br. at 14–15. And Kimble's seventy-seven-month sentence is well below the statutory maximum for robbery in Indian Country. *See* 18 U.S.C. § 2111 (authorizing imprisonment of up to fifteen years).

That leaves only the fourth circumstance—that is, the waiver is otherwise unlawful—for Kimble to attempt to fall within. Kimble does so by arguing that the district court "shirked its duty to properly and adequately examine the facts" set forth in the PSR. Reply Br. at 14.

However, Kimble's argument misses the mark. Precedent limits our consideration to whether the *waiver itself* is lawful, not the lawfulness of the sentence as a whole. *See, e.g.*, *Sandoval*, 477 F.3d at 1208 ("Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible."). Consistent with this narrow inquiry, we have repeatedly rejected challenges to appellate waivers premised on alleged errors in calculating the applicable guideline range. *See, e.g.*, *United States v. Smith*, 500 F.3d 1206, 1212–13 (10th Cir. 2007) ("To allow alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive."). Since Kimble fails to raise any issue with the lawfulness of the waiver itself (instead focusing on other aspects of his sentencing), he fails to fall within this category.

In sum, since Kimble's waiver does not fall within one of the four circumstances enumerated in *Sandoval*, we hold that enforcing the appellate waiver will not result in a miscarriage of justice.

### III.

Kimble struck a bargain:  He pleaded guilty to robbery and waived his right to appeal in exchange for the government dropping two other pending counts.  Because this appeal falls within the scope of that appellate waiver, the waiver was entered into knowingly and voluntarily, and enforcement would not result in a miscarriage of justice, "we do not hesitate to 'hold a defendant to the terms of a lawful plea agreement.'"  *Sandoval*, 477 F.3d at 1206 (quoting *Atterberry*, 144 F.3d at 1300).

The appeal is therefore dismissed.

Entered for the Court

Allison H. Eid
Circuit Judge